THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARCOS A. COLÓN ORTIZ, Defendant and Appellant.

No. 6470. Argued April 7, 1937.—Decided April 30, 1937.

*Fulgencio Piñero* and *Virgilio Brunet* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Marcos A. Colón Ortiz was charged with having killed Pablo M. Vilella Saldaña with malice aforethought and with the deliberate intent to murder him. It is alleged in the information that he assaulted and battered the deceased with a knife, inflicting a penetrating serious wound in the stomach, perforating among, other organs, the liver, in consequence of which wound the victim died on the following day.

On August 30, 1936, upon being arraigned, the defendant asked for a term of twenty-five days within which to plead, which was granted. Afterward, he pleaded not guilty and moved for a jury trial.

Subsequently, the district attorney modified his conclusions as to the characterization of the offense, reducing it to voluntary manslaughter. He stated that the ends of justice would be served by regarding the facts set forth in the information as constituting a crime of voluntary manslaughter. He based his decision on all the antecedents and circumstances of the case, and also on the evidence taken at the time of the preliminary investigation. The defendant states in his brief that he admitted the charge of voluntary manslaughter and that he pleaded guilty to that charge, relying on the mercy of the judges in cases like this, to save expense and labor to the People of Puerto Rico.

The prosecuting attorney considers that the motion of the defendant is well founded and argues that after the offense was characterized as voluntary manslaughter, the original accusation should not be taken into consideration. It is unnecessary to repeat the doctrine established in the cases of *People* v. *Laureano*, 34 P.R.R. 403, which has been explained and discussed in *People* v. *Peña*, 50 P.R.R. 822, and *People* v. *Fernández*, 50 P.R.R. 854.

In the present case we have that first the prosecuting attorney characterized the offense as murder. Afterwards he changed his mind and stated that in accordance with the preliminary investigation and with the antecedents and circumstances of the case, the grade of the offense should be reduced in the furtherance of justice. We think that if the circumstances surrounding the commission of the offense justified the conclusions of the prosecuting attorney, he should have never filed an information charging the defendant with murder. The lower court sentenced the defendant to eight years' imprisonment in the penitentiary, after hearing the statements of the district attorney.

The defendant by pleading guilty admitted that he had inflicted a serious wound with a knife to Pablo M. Vilella Saldaña, perforating the liver and thereby causing his death. The judge of the lower court, who has ample discretionary powers in the imposition of the penalty, did not sentence the defendant to ten years' imprisonment in the penitentiary, which is the maximum fixed by the law. He confined himself to the imposition of the penalty of eight years. We do not think that in view of the information, after its modification, and in view of the discretionary powers of the trial judge, this court would be justified in modifying the judgment entered by reducing the penalty imposed on the defendant.

The judgment appealed from must be affirmed.